IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Ruhi Reimer,<br><br>     Plaintiff,<br><br>v.<br><br>Apollo Partners,<br>DBA Apollo Genetics Testing,<br><br>     Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:23-cv-00182-DBB-DBP<br><br>District Judge David B. Barlow<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court is Defendant's Motion for Leave to Serve Subpoena on Comcast Corporation.[1] Defendant seeks information pertaining to Plaintiff's claims under the Telephone Consumer Protection Act (TCPA). The court having reviewed the Motion submitted by the Defendant, and with no objection having been raised by Plaintiff, and for the reasons discussed more fully below, hereby GRANTS Defendant's Motion.

Plaintiff's claims in this case are based on calls he alleges Defendant made without his permission. Defendant argues Plaintiff filled out a web-based consent form to receive messages, which undermines Plaintiff's position. According to Defendant, Plaintiff purportedly responded to a "lead generator" website and provided his actual phone number under a different (or fictious) name. Defendant is seeking information concerning IP Address – 75.150.211.217 – the IP Address from which the consent was received, to determine whether Plaintiff responded to a lead

---

[1] ECF No. 24. This matter is referred to the undersigned from Judge David Barlow under 28 U.S.C. § 636(b)(1)(A) to hear and determine all nondispositive pretrial matters. (ECF No. 28.)

generator. The court finds the discovery is relevant and proportional to the needs of this case.[2]

Accordingly, IT IS THEREFORE ORDERED that:

1.      Defendant's Motion for Leave to Serve Subpoena on Comcast Corporation is GRANTED.  Defendant's may serve a Rule 45 subpoena upon Comcast Corporation concerning IP Address: 75.150.211.217 seeking information sufficient to identify the location from which the IP Address originated, the Comcast subscriber linked to the IP Address, the description and identification of any device transmitting information through the IP Address, and the identity of the owner of any such device, including the name, address, telephone number, and email address of any such person. Discovery is limited to such information as may have existed on or around February 8, 2022.

2.      Any information disclosed to Defendant in response to the subpoena may be used by Defendant solely in connection with this Action.

3.      Defendant shall serve Comcast Corporation with a copy of this Order along with the subpoena.  If Comcast Corporation wishes to move to quash the subpoena, it must do so within ten days of being served with it.

4.      This Order is made pursuant to 47 U.S.C. § 551(c)(2)(B).  Comcast Corporation must notify each person, whose information it provides to Defendant of this Order, and it shall do so before disclosing any information to Defendant in response to the subpoena.

---

[2] *See* Fed. R. Civ. P. 26.

DATED this 28 November 2023.

_____

Dustin B. Pead
United States Magistrate Judge