IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RUHI REIMER, <br><br> Plaintiff, <br><br> v. <br><br> APOLLO PARTNERS, LLC d/b/a APOLLO GENETICS TESTING, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:23-cv-00182 DBB DBP <br><br> District Judge David B. Barlow <br><br> Chief Magistrate Judge Dustin B. Pead |

Before the court are two motions, Defendant's Motion to Amend/Correct Answer to Complaint[1] and Defendant's Motion for Extension of Time to Complete Discovery.[2] Defendant Apollo Genetics Testing seeks leave to clarify its existing affirmative defenses and assert additional affirmative defenses. Defendant also moves for an extension of the fact discovery deadline. Having considered Defendant's motions, the facts of this case, and relevant law, the court grants them.[3]

## BACKGROUND

Plaintiff, Ruhi Reimer, claims he received unsolicited phone calls from Apollo Genetics, a Utah LLC, in violation of the Telephone Consumer Protection Act (TCPA). Reimer alleges his number was listed on the "Do Not Call" registry and he should have not received any marketing

---

[1] ECF No. 23. This matter is referred to the undersigned from Judge David Barlow under 28 U.S.C. § 636(b)(1)(A) to hear and determine all nondispositive pretrial matters. (ECF No. 28.)

[2] ECF No. 31.

[3] Apollo's Motion to Amend was filed on October 27, 2023. Under the Local Rules, Plaintiff's response was due "within 14 days after service of the motion." Plaintiff filed a belated response on November 27, 2023. A failure to file a timely a timely response to a motion "may result in the court granting the motion without further notice." Or the court could choose to strike the opposition. The court elects to consider Plaintiff's opposition in this instance. Plaintiff is warned, however, that future delayed filings, or filings that do not comply with the Local Rules, may be stricken or disregarded by the court.

phone calls from Apollo Genetics. By its motion, Defendant seeks leave to add two affirmative defenses: (1) that Plaintiffs "claims are barred based on [Plaintiffs] own fraudulent conduct"; and (2) that Plaintiffs claims, "are barred under the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(l)(A), because [Plaintiff] expressly consented to Apollo contacting him."[4] Defendant also seeks an extension of the Fact Discovery Deadline to February 29, 2024.

## DISCUSSION

Leave to amend is to be freely given when justice so requires.[5] Indeed, denial of leave to amend is justified only in limited circumstances:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'[6]

Defendant argues the motion is timely, there has not been undue delay, the case is not in the advanced stages of litigation, and neither party has conducted depositions or filed dispositive motions. Further, the request to amend is not a result of bad faith or dilatory motive as Defendant only recently learned of information arising from another TCPA suit initiated by Plaintiff. Plaintiff resists Defendant's motion asserting it is untimely and there is no showing of excusable neglect. Further, there is prejudice here because discovery will need to be reopened as Plaintiff "has not had an opportunity to conduct discovery on the issue of the affirmative defense of consent."[7]

---

[4] Proposed Amended Answer, ECF No. 23-1 p. 13.

[5] Fed. R. Civ. P. 15(a).

[6] *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962).

[7] Op. p. 15.

As a starting point, the court notes that there was never a deadline for Defendant to move to amend its Answer as Judge Jenkins, who previously presided over this matter, did not establish such a deadline. Thus, the need to show "excusable neglect" as argued by Plaintiff, is lessoned, or negated. This matter is not like the case relied on by Plaintiff *Panis v. Mission Hills Bank, N.A,*.[8] where a party waited to amend "more than six months after the deadline to amend had passed, when most of the discovery had been completed and the case was read for determination."[9] This case is still in its relative infancy and there was no deadline to amend that passed.

Moreover, the facts before the court demonstrate that if such a showing of excusable neglect was necessary, it would be met. Defendant's counsel only recently learned of Plaintiff's alleged suspect behavior in another lawsuit that is strikingly similar to this one. In short, in that matter, it appears Plaintiff filled out an opt-in form online providing his telephone number with false information. Then after receiving phone calls, he filed suit alleging violations of the TCPA. Plaintiff has filed dozens of TCPA cases across the country with what appears to be the same factual scenario. In one such lawsuit only recently learned of by Defendant, the court is considering sanctions against Plaintiff for his behavior, which includes disposing of the computer used to fill out the online opt-in form. This new evidence further distinguishes this case from those relied on by Plaintiff.

The Tenth Circuit has noted that the "purpose of [Rule 15] is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural

---

[8] 60 F.3d 1486 (10th Cir. 1995).

[9] *Id.* at 1495.

3

niceties.'"[10] The court finds Defendant should be given the opportunity to utilize the information it only recently acquired. There is no evidence of undue delay, bad faith, or a dilatory motive by Defendant, and the court fails to find any undue prejudice against Plaintiff. Plaintiff's assertion that it will suffer prejudice from allowing an amendment is unpersuasive and appears closely related to the increased likelihood that the new evidence would be damming to its case. The preference is to decide a case on the merits, rather than on some procedural move to keep highly relevant evidence at bay.[11]

Finally, the court has considered the request to move the Fact Discovery Deadline.[12] Although the motion was brought *ex parte* by Defendant, the court afforded Plaintiff an opportunity to respond.[13] Allowing for additional discovery on the newly discovered evidence will better allow this case to be decided on the merits and the added delay is minimal. The court finds good cause to allow the extension based on the facts before it.

ORDER

For the reasons set forth herein, Defendant's Motion to Amend is GRANTED and the Motion for Extension of the Fact Discovery Deadline is GRANTED.

DATED this 10 January 2024.

_____
Dustin B. Pead
United States Magistrate Judge

---

[10] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir.1982)).

[11] *Livingston v. Sodexo & Affiliated Co.*, 2012 WL 2045292, at *3 (D. Kan. June 6, 2012) (allowing leave to amend and noting that whether the defendant "can ultimately prove its version of the facts is a matter that will be determined at a later stage of this case.").

[12] ECF No. 31.

[13] ECF No. 39.